UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASEY TAYLOR, et al., | CASE NO. C11-1289JLR |
| Plaintiff, | ORDER |
| v. | |
| BURLINGTON NORTHERN RAILROAD HOLDINGS, INC., et al., | |
| Defendants. | |

This matter comes before the court on Defendant BNSF Railway Company's ("BNSF")[1] motion for summary judgment. (Mot. (Dkt. # 29).) The court previously granted the motion in part and deferred ruling in part. (*See* 2/17/16 Order (Dkt. # 53).)

---

[1] Plaintiffs originally named both BNSF Railway Company and Burlington Northern Railroad Holdings, Inc., as defendants in this matter; however, in their agreed pretrial order the parties informed the court that "the caption of this case should be amended to reflect that the plaintiffs' claims are against defendant BNSF Railway Company only." (Prop. PTO (Dkt. # 59) at 2.) Accordingly, the court DISMISSES all claims against Burlington Northern Railroad Holdings, Inc., with prejudice.

ORDER- 1

Specifically, the court granted summary judgment in BNSF's favor on Plaintiffs Casey and Angelina Taylor's ("the Taylors") claims that BNSF discriminated against Mr. Taylor on the basis of (1) BNSF's perception that Mr. Taylor was disabled due to obesity and (2) Mr. Taylor's status as an honorably discharged veteran. (*See id.* at 11-23.) The court reserved ruling on the Taylors' final claim—that BNSF discriminated against Mr. Taylor on the basis of a perception that Mr. Taylor was disabled due to problems with his knees and back.[2] (*See id.* at 20-21, 23.) At the pretrial conference, the court heard oral argument on that issue. (*See* Dkt. # 62.) Now, having considered all briefing and materials filed in support of and opposition to BNSF's motion, the balance of the record, the relevant law, and oral argument, the court GRANTS BNSF's motion for summary judgment on the Taylors' knee- and back-related disability discrimination claim and DISMISSES this case with prejudice.

The question before the court is whether the Taylors have met their summary judgment burden to point to evidence from which a jury could conclude that BNSF perceived Mr. Taylor as disabled due to problems with his knees and back. (*See id.*; 2/17/16 Order at 20-21.) The court concludes that the evidence presented, viewed in the light most favorable to the Taylors, does not support the conclusion that BNSF perceived Mr. Taylor as disabled due to knee and back problems. The evidence shows that BNSF knew about Mr. Taylor's past knee and back problems and was uncertain of the current

---

[2] The Taylors bring all their claims under the Washington Law Against Discrimination ("WLAD"), RCW ch. 49.60. (*See* Prop. PTO at 1; 2/17/16 Order at 7; Taylor MILs (Dkt. # 38) at 1-2.)

status of his knees and back. (*See* 2/17/16 Order at 4, 20; Dkt. # 62.) However, the evidence fails to show that BNSF perceived Mr. Taylor as having presently existing knee and back problems. Indeed, BNSF knew only that Mr. Taylor reported having no current problems with his knees and back and passed the physical tests during his medical examination. (*See* 2/17/16 Order at 4, 20; Dkt. # 62.) Moreover, at the pretrial conference, the Taylors' counsel implicitly acknowledged that BNSF did not perceive any presently existing problems when he stated that Dr. Jarrard, BNSF's medical officer, knew that Mr. Taylor had no problems with his knees and back except what was in his medical history. (*See* Dkt. # 62.)

The WLAD defines disability as "the presence of a . . . physical impairment that: (i) Is medically cognizable or diagnosable; or (ii) Exists as a record or history; or (iii) Is perceived to exist whether or not it exists in fact." RCW 49.60.040(7)(a). As their counsel confirmed at the pretrial conference, the Taylors bring only a perceived disability claim, not an actual or a "record or history of" disability claim. (*See* Dkt. # 62); RCW 49.60.040(7)(a)(iii). Therefore, it is insufficient for the Taylors to show that BNSF knew about Mr. Taylor's past knee and back problems and discriminated against him on the basis of that history. Instead, the Taylors must provide evidence from which a jury could conclude that BNSF perceived Mr. Taylor as being presently disabled due to his knees

//

//

//

//

ORDER- 3

1  and back.  Because the Taylors have failed to meet this burden, the court GRANTS

2  summary judgment in BNSF's favor on the Taylors' knee- and back-related disability

3  discrimination claims and DISMISSES this case with prejudice.

4      Dated this 7th day of March, 2016.

                                                    JAMES L. ROBART
                                                    United States District Judge

ORDER- 4